BRIAN D. GEE (SB#181097)
Brian.Gee@nlrb.gov
STEVEN D. WYLLIE (SB#161752)
Steven.Wyllie@nlrb.gov
JUAN CARLOS OCHOA DIAZ (SB#260298)
Juan.OchoaDiaz@nlrb.gov
National Labor Relations Board
Region 31
11150 W. Olympic Blvd., Suite 700
Los Angeles, CA  90064-1825
Telephone: (310) 235-7351
Facsimile: (310) 235-7420

Attorneys for Petitioner

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORI PAM RUBIN, Regional Director of Region 31 of the National Labor Relations Board, for and on behalf of the NATIONAL LABOR RELATIONS BOARD, <br><br> Petitioner, <br><br> v. <br><br> AMERICAN RECLAMATION, INC., <br><br> Respondent. | Case No. CV 12-04674 DDP (JCGx) <br><br> FINDINGS OF FACT AND CONCLUSIONS OF LAW <br><br><br> Date:  July 23, 2012 <br> Time:  10:00 a.m. <br> Courtroom:  3 |

This case came before the Court on the verified petition of Mori Pam Rubin, Regional Director of Region 31 of the National Labor Relations Board, herein the Board, for a temporary injunction pursuant to Section 10(j) of the National Labor Relations Act, as amended [61 Stat. 149; 73 Stat. 544; 29 U.S.C. § 160(j)], herein the Act, pending the final disposition of the matters involved herein which are now pending before an Administrative Law Judge of the Board.  The Court, upon consideration of the pleadings, evidence, briefs, arguments of counsel, and the entire record in this case, hereby makes the following:

## FINDINGS OF FACT

1.      Petitioner is the Regional Director of Region 31 of the Board, an agency of the United States.  This petition is filed for and on behalf of the Board.

2.      The Court's jurisdiction is invoked pursuant to Section 10(j) of the Act (29 U.S.C. § 160(j); herein Section 10(j) of the Act).

3.      On or about the dates set forth below in subparagraphs 3(a) through 3(k), the Package and General Utility Drivers, Teamsters Local Union No. 396, herein the Union, filed with the Board charges and amended charges as follows:

(a)     The Union filed the charge in Case 31-CA-067258 on October 19, 2011, alleging that Respondent violated Section 8(a)(1) and (3) of the Act by terminating employees Santos Orellana Gonzalez and Magdaleno Sanchez.

(b)     The Union filed the charge in Case 31-CA-067259 on October 19, 2011, alleging that Respondent violated Section 8(a)(1) of the Act by threatening employees with termination if they joined their fellow employees in a protest of working conditions.

(c)     The Union filed the charge in Case 31-CA-067262 on October 19, 2011, alleging that Respondent violated Section 8(a)(1) of the Act by, at a meeting with employee drivers and helpers, threatening to close or sell the business if the employees brought in the Union.

(d)     The Union filed the charge in Case 31-CA-067263 on October 19, 2011, alleging that Respondent violated Section 8(a)(1) of the Act by threatening to call Government immigration agencies because employees were supporting the Union.

(e)     The Union filed the charge in Case 31-CA-067265 on October 19, 2011, alleging that Respondent violated Section 8(a)(1) of the Act by, at a meeting with yard employees, threatening to close or sell the business if the Union won the representation election.

(f)     The Union filed the charge in Case 31-CA-068671 on November 9, 2011, and an amended charge on December 5, 2011, alleging that Respondent violated Section 8(a)(1) of the Act by telling employees that it had a list of employees who engaged in Union or protected concerted activity on October 17, 2011, and that everyone on the list would be terminated.

(g)     The Union filed the charge in Case 31-CA-070330 on December 6, 2011, alleging that Respondent violated Section 8(a)(1) of the Act by soliciting grievances from employees.

(h)     The Union filed the charge in Case 31-CA-070331 on December 6, 2011, alleging that Respondent violated Section 8(a)(1) of the Act by improving employees' working conditions.

(i)     The Union filed the charge in Case 31-CA-070334 on December 6, 2011, alleging that Respondent violated Section 8(a)(1) of the Act by making promises of benefit to employees.

(j)     The Union filed the charge in Case 31-CA-072357 on January 11, 2012, alleging that Respondent violated Section 8(a)(1) and (3) of the Act by terminating employee Karla Campos.

(k)     The Union filed the charge in Case 31-CA-074588 on February 14, 2012, alleging that Respondent violated Section 8(a)(1) of the Act by threatening employees with termination for engaging in protected concerted activity on October 7, 2011.

4.     (a)     The charges referred to in paragraph 3 above were referred to the Acting Regional Director of Region 31 of the Board.  Thereafter, following a field investigation during which all parties had an opportunity to submit evidence and legal analysis, the Acting General Counsel of the Board, on behalf of the Board, pursuant to Section 3(d) of the Act (29 U.S.C. § 153(d)), by the Acting Regional Director of Region 31, issued an Order Consolidating Cases,

Consolidated Complaint, and Notice of Hearing against Respondent on April 30, 2012, pursuant to Section 10(b) of the Act (29 U.S.C. § 160(b)).

(b)   The Consolidated Complaint alleges, inter alia, that Respondent has engaged in, and is engaging in, various unfair labor practices within the meaning of Section 8(a)(1) and (3) of the Act (29 U.S.C. § 158(1) and (3)).

(c)   On May 8, 2012, the Acting Regional Director of Region 31 of the Board issued an Order Rescheduling Hearing, rescheduling the administrative hearing on the unfair labor practices underlying this Petition to July 9, 2012; the hearing was subsequently rescheduled to begin July 24, 2012.

5.   On May 14, 2012, Respondent filed its Answer to the Consolidated Complaint.

6.   Respondent has refused to settle or remedy the allegations of the Consolidated Complaint.

7.   Based on the evidence and arguments presented by the parties, the Court finds that there is a strong likelihood that the Board will find that Respondent has engaged in, and is engaging in, unfair labor practices within the meaning of Section 8(a)(1) and (3) of the Act, and that said unfair labor practices affect commerce within the meaning of Section 2(6) and (7) of the Act (29 U.S.C. § 152(6) and (7)).

8.   More particularly, there is a strong likelihood that the Board will find, in the underlying administrative proceedings, that:

(a)   (1)   At all material times Respondent has been a corporation with an office and place of business in Los Angeles, California, herein Respondent's facility, and has been engaged in providing rubbish hauling and recycling services.

(2)   During the 12-month period ending March 31, 2012, Respondent, in conducting its operations described above in paragraph 8(a)(1), provided services valued in excess of $50,000 for Metropolitan Transit Authority, Montebello School District, Smart & Final, and Mount San Antonio Community

College, enterprises within the State of California directly engaged in interstate commerce that meet the Board's direct jurisdictional standards.

(b)     At all material times Respondent has been an employer engaged in commerce within the meaning of Section 2(2), (6), and (7) of the Act.

(c)     At all material times the Union has been a labor organization within the meaning of Section 2(5) of the Act.

(d)     (1)     At all material times the following individuals held the positions set forth opposite their respective names and have been supervisors of Respondent within the meaning of Section 2(11) of the Act and agents of Respondent within the meaning of Section 2(13) of the Act:

John Gasparian     -     Owner and President

Nain Deleon     -     Operations Manager

(2)     At all material times Margarita Urquia held the position of Respondent's Weight Master and has been an agent of Respondent within the meaning of Section 2(13) of the Act.

(e)     Respondent, by Operations Manager Nain Deleon:

(1)     About October 7, 2011, at Respondent's facility, threatened its employees with termination for engaging in protected concerted activity.

(2)     About October 17, 2011, at Respondent's facility, threatened its employees with termination to prevent them from engaging in union activity, including but not limited to participating in a Union-organized employee delegation on October 17, 2011.

(3)     About October 17, 2011, at Respondent's facility, threatened to terminate its employees who participated in a Union-organized employee delegation on October 17, 2011.

(4)     About October 17, 2011, at Respondent's facility, by maintaining a list of Union supporters created an impression among its employees that their union activities were under surveillance by Respondent.

(f)     About mid October 2011, Respondent, by Weight Master Margarita Urquia, at Respondent's facility, made a veiled threat to call Government immigration agencies because employees were supporting the Union.

(g)     About mid October 2011, Respondent, by Owner and President John Gasparian, at Respondent's facility:

(1)     At a meeting with employee drivers and helpers, threatened to close or sell Respondent's facility if employees selected the Union as their bargaining representative.

(2)     At a meeting with yard employees, threatened to close or sell Respondent's facility if employees selected the Union as their bargaining representative.

(3)     At a meeting with yard employees, by soliciting employee complaints and grievances, promised its employees improved terms and conditions of employment to discourage their support for the Union.

(4)     At a meeting with yard employees, promised its employees improved working conditions – including, but not limited to, building changing rooms for employees, improving the employee lunch/break room, buying microwaves for the employee lunch/break room, and buying better safety glasses and masks for employees – to discourage their support for the Union.

(h)     About mid October 2011, Respondent improved working conditions by, among other things, buying new microwaves for the employee break/lunch room, making other improvements to the employee lunch/break room, and building changing rooms for employees to discourage their support for the Union.

(i)     (1)     About January 5, 2012, Karla Campos engaged in concerted activities with other employees for the purpose of mutual aid and protection by photographing hazardous materials in the trash employees were sorting and encouraging employees to voice their concerns about hazardous materials during a meeting organized by Nain Deleon.

(2)     About January 6, 2012, Respondent discharged Karla Campos.

(3)     Respondent engaged in the conduct described above in paragraph 8(i)(2) because Karla Campos engaged in the conduct described above in paragraph 8(i)(1), and to discourage employees from engaging in these or other concerted activities.

(j)     (1)     About October 6, 2011, Respondent laid off Santos Orellana Gonzalez and Magdaleno Sanchez.

(2)     Respondent engaged in the conduct described above in paragraphs 8(i)(2) and 8(j)(1) because the named employees of Respondent assisted the Union and engaged in concerted activities and to discourage employees from engaging in these activities.

(k)     By the conduct described above in paragraphs 8(e) through 8(i), Respondent has been interfering with, restraining, and coercing employees in the exercise of the rights guaranteed in Section 7 of the Act in violation of Section 8(a)(1) of the Act.

(l)     By the conduct described above in paragraphs 8(i)(2) and 8(j), Respondent has been discriminating in regard to the hire or tenure or terms or conditions of employment of its employees, thereby discouraging membership in a labor organization in violation of Section 8(a)(1) and (3) of the Act.

(m)     The unfair labor practices of Respondent described above affect commerce within the meaning of Section 2(6) and (7) of the Act.

9.     Based on the evidence and arguments presented by the parties, the Court further finds that:

(a)     Respondent's unfair labor practices have and are continuing to irreparably harm the Union, the employees, and the Board's remedial processes.

(b)     Unless a temporary injunction is obtained, it can fairly be anticipated that the unlawfully laid-off and discharged employees will find new jobs elsewhere; that support for the Union among Respondent's remaining employees

will be eroded by the effect of the unfair labor practices detailed above; and that Respondent's remaining employees will not be free to exercise their right to engage in union or protected concerted activities due to fear of retaliation from Respondent, a harm that cannot be remedied in due course by the Board.

(c)     The Court's grant of a Section 10(j) injunction would prevent the scattering of the unlawfully laid-off and discharged employees, erosion of support for the Union, and damage to the Board's remedial powers.

(d)     It is likely that further substantial and irreparable harm will result to Respondent's employees and their statutorily protected right to organize unless the aforesaid unfair labor practices are immediately enjoined and appropriate relief is granted.

(e)     There is no adequate remedy at law for the irreparable harm being caused by Respondent's unfair labor practices described above.

(f)     The equities in this matter, including the harm to the employees involved herein, the harm to the public interest, and the harm to the purposes and policies of the Act if the requested injunction is not granted, outweigh any harm that the grant of a temporary injunction may have on Respondent.

(g)     Granting the temporary injunction sought by Petitioner will cause no undue hardship to Respondent.

(h)     Unless Respondent's unfair labor practices are immediately enjoined and restrained, Respondent will continue to engage in the acts and conduct alleged above.

(i)     To avoid the serious results referred to above, it is essential, just, proper, and appropriate, for the purposes of effectuating the policies of the Act and avoiding substantial, irreparable, and immediate injury to such policies, to the public interest, and Respondent's employees, and in accordance with the purposes of Section 10(j) of the Act, that, pending final disposition of the matters at issue

before the Board, Respondent be enjoined and restrained as set forth in the Order Granting Temporary Injunction in this case.

## CONCLUSIONS OF LAW

1.      This Court has jurisdiction of the parties and of the subject matter of this proceeding.  Under Section 10(j) of the Act (29 U.S.C. § 160(j)), the Court is empowered to grant such injunctive relief.

2.      Petitioner has a strong likelihood of establishing in the underlying administrative proceeding that:

(a)      Respondent is an employer engaged in commerce within the meaning of Section 2(2), (6), and (7) of the Act (29 U.S.C. § 152(2), (6) and (7));

(b)      The Package and General Utility Drivers, Teamsters Local Union No. 396 is a labor organization within the meaning of Section 2(5) of the Act (29 U.S.C. § 152(5));

(c)      At all material times, John Gasparian and Nain Deleon have been supervisors of Respondent within the meaning of Section 2(11) of the Act (29 U.S.C. § 152(11)) and agents of Respondent within the meaning of Section 2(13) of the Act (29 U.S.C. § 152(13)); and at all material times, Margarita Urquia has been an agent of Respondent within the meaning of Section 2(13) of the Act (29 U.S.C. § 152(13)); and

(d)      Respondent has engaged in, and is engaging in, unfair labor practices within the meaning of Section 8(a)(1) and (3) of the Act (29 U.S.C. § 158(a)(1) and (3)), affecting commerce within the meaning of Section 2(6) and (7) of the Act (29 U.S.C. § 152(6) and (7)).

3.      To preserve the issues for the orderly determination as provided in the Act, and good cause appearing therefore, it is appropriate, just and proper, that a temporary injunction be issued ordering that, pending final disposition of the matters in issue before the Board, Respondent, its officers, agents, successors, and

assigns, be enjoined and restrained as set forth in the Order Granting Temporary Injunction in this case and be ordered to take the affirmative action specified in said Order.

IT IS SO ORDERED.

Dated : July 24, 2012

_____

DEAN D. PREGERSON
United States District Judge